IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN MICHAEL OMAR ALLY, **Plaintiff,** | CIVIL ACTION |
| v. | |
| TEMPLE UNIVERSITY, STEPHANIE IVES, RACHAEL STARK, DONNA GREY, JIM RUGO, VLADIMIRA WILENT, MARIA TRAVAGLIO, ANDREA SEISS, SANDRA FOEHL, CAMERON ETEZADY, ROBERT LEVIS, MIA LEURHMANN AND ADAM O'DONNELL, **Defendants.** | NO. 19-561 |

## MEMORANDUM OPINION

Plaintiff Jonathan Ally filed a complaint alleging Temple University and several of its employees violated the Constitution and Title IX. He further alleges Defendants committed acts of defamation, fraud, and obstruction of justice. Pending now is the Defendants' Motion to Dismiss the complaint. For the reasons that follow, the motion will be granted.

**I.  FACTS**[1]

Plaintiff formerly attended Temple University. On February 25, 2014, while he was a student, Plaintiff got locked out of his off-campus apartment and had to spend the night at a friend's apartment. The friend he stayed with then pressured him into having sex and sexually assaulted him.

In March 2014, Plaintiff reported the incident to Temple employee Rachael Stark, who escorted him to another employee, Donna Gray, to formally report the assault. According to the Complaint, Temple did not properly investigate Plaintiff's report. Stark also advised Plaintiff

---

[1] These facts are drawn from the Complaint and, for the purposes of the motion to dismiss, will be taken as true. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

1

that he could go to Disability Services to request incompletes in two of his classes, Spanish and Biochemistry. But Plaintiff did not receive the requested incomplete in Spanish; instead, he was accused of plagiarism on his final and denied the ability to file a grievance challenging the professor's accusation.

At a later point, Plaintiff also reported the assault to Temple detective Jim Rago and raised concerns that the University is racist and sexist. Shortly after filing this report, Plaintiff was fired from his research job on campus. Soon thereafter, he was expelled from Temple. Defendants claim he was expelled based on bad behavior, which Plaintiff says is a misrepresentation that has harmed his ability both to succeed at other universities and to find jobs. Plaintiff met with Temple's Title IX Coordinator after the expulsion to report his experiences. The Department of Education conducted an investigation, which concluded in June 2018 and found no wrongdoing.

## II. LEGAL STANDARD

In order to survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" are insufficient. *Id.* at 683. Plaintiff's allegations must rise above mere speculation. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 542 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 545).

## III. DISCUSSION

### A. Statute of limitations

The events that underly all of Plaintiff's claims occurred in 2014, over five years ago. This raises some statute of limitations concerns. Turning first to the constitutional claims,

2

Plaintiff alleges Defendants violated the First and Fourteenth Amendments. He thus brings suit under 42 U.S.C. § 1983. Section 1983 borrows its statute of limitations from the forum state's personal injury law. *Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985). Pennsylvania personal injury claims are bound by a two-year statute of limitations. 42 Pa. Cons. Stat. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993). Because all of the events giving rise to Plaintiff's constitutional claims occurred more than two years ago, they are all time barred.[2]

Plaintiff's Title IX claims suffer an identical fate. The same two-year statute of limitations from state personal injury law applies in the Title IX context too, meaning the claims are untimely. *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir. 1989). Likewise, any action for fraud must also be brought within two years. 42 Pa. Cons. Stat. § 5524(7). Finally, any defamation action for libel or slander under Pennsylvania law must be made within one year. 42 Pa. Cons. Stat. § 5523(1); *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 174 (3d Cir. 2012). All of these claims are thus barred by their statutes of limitations.

### B. Plaintiff's obstruction of justice claim

Plaintiff's only remaining claim is his allegation that Defendants obstructed justice by denying him access to his university email account after he was expelled, which Plaintiff says prevented him from accessing important evidence against the university. For support, Plaintiff cites to 18 U.S.C. § 1514, a statute which allows government attorneys (or in some instances, the court on its own) to request temporary restraining orders and protective orders to protect victims or witnesses in federal criminal cases from harassment. But no private cause of action exists for

---

[2] Plaintiff argues that, because the Department of Education did not conclude its investigation until June 2018, the clock on the statute of limitations did not start to run until that time. But neither Section 1983 nor any of the other grounds for relief Plaintiff raises require administrative exhaustion. If exhaustion is not required, then pursuing administrative remedies will not toll the statute of limitations. *See Elghali v. Devry Educ. Grp., Inc.*, 2016 WL 6666805, at *2 n.24 (E.D. Pa. Nov. 10, 2016) (collecting cases).

a Plaintiff to bring an obstruction of justice claim, under either the cited federal law or state law. *See Sarpolis v. Tereshko*, 26 F. Supp. 3d 407, 418–19 (E.D. Pa. 2014) (collecting cases); *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super. 1987). *See also Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 n.3 (5th Cir. 2015) (holding no private cause of action exists under another provision of the federal obstruction of justice statute). Plaintiff's obstruction of justice claim is thus denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted. Because all of the claims are outside the statutes of limitations or lacking in a cause of action, any attempt by Plaintiff to file a curative amendment to his complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The dismissal will thus be with prejudice.

An appropriate order follows.

**September 26, 2019**  **BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**_____**
**WENDY BEETLESTONE, J.**